UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MSG LAS VEGAS, LLC,<br><br>      Plaintiff,<br>  v.<br><br>PATHWATER, INC.,<br><br>      Defendant. | Case No. 25-cv-10677<br><br><br><u>**COMPLAINT**</u> |

Plaintiff MSG Las Vegas, LLC ("MSG"), by and through its undersigned counsel, as and for its Complaint against Defendant, Pathwater, Inc. ("Defendant" or "Pathwater"), alleges:

<u>**NATURE OF THE ACTION**</u>

1. On November 10, 2023, MSG and Pathwater entered into a sponsorship agreement, with an effective date of September 29, 2023, pursuant to which Pathwater agreed, among other things, to pay MSG a Fee[1] of $10,202,010, payable over the five-year term of the Agreement, to advertise and sell its branded, bottled water product—PATH Water—at Sphere, an immersive entertainment, technology, and media venue that MSG owns and operates in Las Vegas, Nevada (the "Agreement").

2. The Agreement's payment terms were expressly stated and straightforward. The annual Fee in the first Contract Year was $2,000,000, payable in four equal installments of $500,000: the first installment payment was due upon execution and the remaining installment payments were due December 31, 2023, March 31, 2024, and June 30, 2024. The annual Fee increased slightly in each successive Contract Year of the Agreement's five-year term, with equal

---

[1] Capitalized terms not otherwise defined have the meaning set forth in the Agreement, as defined below.

25% installments payable on or before September 1, January 1, April 1, and July 1 of Contract Years two through five.

3. In consideration for the Fee payments, which were to be paid in accordance with the Payment Schedule in the Agreement, Pathwater was allowed to sell its bottled water product to patrons attending Sphere events, and MSG would confer upon Pathwater certain benefits related to Sphere, such as licenses, media packages and activation space. The conferment of these exemplar benefits upon Pathwater was expressly contingent upon "payment of the Fee" on the due date, or, upon default in payment, "within thirty (30) days of the due date." If payment of the Fee was not made within that timeframe, the Agreement provided MSG with a variety of rights and remedies, including but not limited to the right to withhold delivery of any and all benefits and/or services to Pathwater; to terminate the Agreement, without penalty or prejudice; to demand payment of all past due Fee payments, including interest on all past due amounts and the right to accelerate and recover future Fee payments.

4. Pathwater's first Fee payment was due upon execution of the Agreement, which occurred on November 10, 2023. Pathwater did not make the first Fee Payment on November 10, 2023, or within thirty (30) days of the due date; the first Fee payment was not made until May 13, 2024, 185 days after it was due.

5. Pathwater's second Fee payment was due on December 31, 2023. Pathwater did not make the second Fee payment on December 31, 2023, or within thirty (30) days of the due date; the second Fee payment was not made until May 13, 2024, 200 days after it was due.

6. Pathwater did not make its third, fourth or fifth Fee payments at all.

7. Pathwater's continuous failure to make Fee payments in accordance with the Payment Schedule in the Agreement, beginning on the date the Agreement was executed, meant it was in material breach of the Agreement from the very first day the Agreement took effect.

8. In addition, Pathwater also agreed that its bottled water products would meet quality standards set forth in the Agreement.

9. In November 2024, multiple Sphere customers reported finding a mold-like substance in their Pathwater-brand water bottles.

10. Pathwater's own third-party particulate testing expert revealed that the substance contained high concentrations of Gallium and Arsenic, a semiconductor material and poisonous metalloid, respectively.

11. By December 30, 2024, Pathwater's third Fee payment was past due 274 days, its fourth Fee payment was past due 183 days, and its fifth Fee payment was past due 120 days. Accordingly, on that same date MSG exercised its right to terminate the Agreement and accelerate all payments due thereunder, including interest on past due, delinquent payments. After accounting for the first and second installment payments Pathwater made (belatedly and beyond the thirty (30) day cure period), Pathwater owes MSG $9,202,010, plus interest at the rate of 15% per annum on all delinquent payments from their respective due dates, in addition to reasonable attorneys' fees and costs.

## PARTIES

12. MSG is a Delaware limited liability company. The sole member of MSG is Sphere Entertainment Group, LLC. The sole member of Sphere Entertainment Group, LLC, is Sphere Entertainment Co., a Nevada corporation with its principal place of business located at Two Penn Plaza, New York, New York 10121. MSG is, therefore, a citizen of Nevada and New York.

13. On information and belief, Defendant Pathwater is a Delaware corporation with its principal place of business located at 44137 Fremont Boulevard, Fremont, California 94538. Pathwater is, therefore, a citizen of Delaware and California.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties because MSG is a citizen of Nevada and New York, and, on information and belief, Pathwater is a citizen of Delaware and California. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

15. This Court has personal jurisdiction over Pathwater because MSG and Pathwater have, pursuant to a mandatory forum selection clause in the Agreement, submitted to the exclusive jurisdiction of any federal or state court within the City of New York, Borough of Manhattan, in litigation arising out of or relating to the Agreement.

16. Venue is proper in this judicial district pursuant to the mandatory forum selection clause in the Agreement.

## FACTUAL ALLEGATIONS

I.   **The Agreement.**

17. MSG operates Sphere, a next-generation entertainment medium powered by cutting-edge technologies that are redefining the future of entertainment.

18. On November 10, 2023, MSG and Pathwater entered into the Agreement, pursuant to which Pathwater agreed to pay a Fee to MSG in exchange for certain benefits and/or services from MSG. The benefits and/or services were contingent upon timely Fee payments in accordance with the Payment Schedule set forth in the Agreement.

19. The benefits and/or services included the right of Pathwater (i) to sell its bottled water product—PATH Water—to patrons attending events at Sphere and (ii) to receive certain benefits related to Pathwater's sale of PATH Water at Sphere, for example, certain licenses, a media package and activation space.

20. The Agreement had an Effective Date of September 29, 2023, and a Term of five years, through and including August 31, 2028, unless the Agreement terminated earlier.

21. Contract Year 1 of the Agreement ran from September 29, 2023, through August 31, 2024; Contract Year 2 from September 1, 2024, through August 31, 2025; Contract Year 3 from September 1, 2025, through August 31, 2026; Contract Year 4 from September 1, 2026, through August 31, 2027; and Contract Year 5 from September 1, 2027, through August 31, 2028.

22. Pathwater agreed to pay MSG $10,202,010 over the Agreement Term: $2,000,000 in Contract Year 1; $2,020,000 in Contract Year 2; $2,040,200 in Contract Year 3; $2,060,602 in Contract Year 4; and $2,081,208 in Contract Year 5.

23. Pathwater's Contract Year 1 payment of $2,000,000 was payable in four equal installments of $500,000, the first due upon full execution of the Agreement and the subsequent three payments on or before December 31, 2023, March 31, 2024 and June 30, 2024, respectively.

24. Pathwater's Contract Year 2, 3, 4, and 5 payments were each payable in four equal installments, with 25% of the full annual payment due on or before September 1, January 1, April 1 and July 1 of the applicable Contract Year.

25. Schedule I to the Agreement set forth the terms and conditions governing MSG and Pathwater's conduct, obligations and performance ("Terms and Conditions").

26. Section 5 of the Terms and Conditions provides that,

> Notwithstanding anything in this Agreement to the contrary, in the event that any payment of the Fee is not made by Sponsor within thirty (30) days of the due date, then MSG shall

5

be entitled (in addition to any other remedies available to MSG under this Agreement or otherwise) to (A) impose and **Sponsor shall be liable for and pay interest charges on such delinquent amount** at fifteen percent (15%) per annum commencing with such due date and ending upon the payment of such delinquent amount and accrued interest thereon, (B) **terminate this Agreement without penalty or prejudice and without further liability to MSG** and accelerate all payments due hereunder and/or (C) **withhold the delivery of benefits and services to Sponsor** until such time as full payment is received by MSG.

27. Section 5 further states that "Sponsor acknowledges and agrees that MSG shall not be deemed to be in breach of its own obligations under this Agreement by reason of withholding such benefits and/or services during the period of such non-payment by Sponsor, provided that such benefits are reinstated and furnished to Sponsor promptly following MSG's receipt of full payment."

28. Nothing in the Agreement provided Pathwater with a right to withhold payment of the Fee, regardless of the reason, including but not limited to any alleged denial by MSG of benefits and/or services to Pathwater. Indeed, Section 5 of the Terms and Conditions provided the exact opposite. It expressly stated that during any "period of non-payment by [Pathwater]," MSG "shall not be deemed in breach of its own obligations under this Agreement by reason of withholding such benefits and/or services." The "period of non-payment" began on November 10, 2023, when Pathwater failed to make the first Fee payment due on that date, and continued through and including December 30, 2024, the date MSG terminated the Agreement.

29. In Section 6(C) of the Terms and Conditions, MSG and Pathwater agreed that the "Agreement constitutes the sole understanding and supersedes all previous agreements between the parties hereto with respect to the subject matter hereof and shall not be modified except in writing."

30. In Section 6(C), the parties further agreed that "[n]o amendment or waiver of any provision of this Agreement will be effective unless made in writing and signed by the parties."

## II.     Pathwater Immediately Breached the Agreement Upon Execution.

31.    Pathwater breached the Agreement immediately after execution. Pursuant to the express terms of the Payment Schedule in the Agreement, the first of Pathwater's Contract Year 1 installment payments, in the amount of $500,000, was due upon full execution of the Agreement. Pathwater did not make this payment when due, nor did it make the payment within the thirty (30) day cure period granted under the Agreement. Pathwater made the first $500,000 installment on May 13, 2024, 185 days late.

32.    Pathwater's second Contract Year 1 installment payment was due on or before December 31, 2023. Pathwater did not make this payment when due, nor did it make the payment within the thirty (30) day cure period granted under the Agreement. Pathwater only made the second $500,000 installment payment on July 18, 2024, 200 days late.

33.    Pathwater's third and fourth Contract Year 1 installment payments were due on March 31, 2024, and June 30, 2024, respectively. Pathwater failed to make these payments.

34.    Pathwater's first Contract Year 2 installment payment was due on September 1, 2024. Pathwater failed to make this payment.

35.    A summary chart of Pathwater's breached obligations to make Fee payments and Pathwater's actual payments is set forth below:

| Payment Due Date | Amount Due | Amount Paid | Date Paid | Days Late (as of Date Paid or Termination Date) |
|---|---|---|---|---|
| November 10, 2023 | $500,000 | $500,000 | May 13, 2024 | 185 days (more than six months) |
| December 31, 2023 | $500,000 | $500,000 | July 18, 2024 | 200 days (more than six months) |
| March 31, 2024 | $500,000 | Zero | Never paid | 274 days (nine months) |
| June 30, 2024 | $500,000 | Zero | Never paid | 183 days (six months) |
| September 1, 2024 | $505,000 | Zero | Never paid | 120 days (four months) |

7

36. Pathwater materially breached the Agreement each time it failed to timely render payment on the due date or cure its default within thirty (30) days thereof.

37. Due to these material breaches by Pathwater and its failure to cure, MSG became entitled under Section 5 of the Terms and Conditions to terminate the Agreement and accelerate all payments due thereunder, together with 15% interest on all delinquent payments owed by Pathwater.

38. Additionally, due to Pathwater's failure to make the initial $500,000 installment payment due upon execution of the Agreement on November 10, 2023, or to cure its default for non-payment within thirty (30) days thereof, MSG became entitled as of December 10, 2023 to withhold delivery of benefits and/or services to Pathwater until Pathwater remitted all amounts owed to MSG, which it never did.

39. Because Pathwater (i) failed to make its first Contract Year 1 installment payment when due upon execution, (ii) failed to make its second installment payment when due on December 31, 2023, (iii) failed to make its third or fourth Contract Year 1 installment payments when due on March 31, 2024 and June 30, 2024 (or ever) and (iv) failed to make its first Contract Year 2 installment payment when due on September 1, 2024 (or ever), it was at all times during the Term of the Agreement delinquent on at least one installment payment.

40. As a result of Pathwater's repeated and continuous failures to meet its payment obligations, MSG was contractually permitted, as of December 10, 2023 (thirty days from the November 10, 2023 due date for the first Fee payment) and all days thereafter through the date of termination, to withhold benefits and/or services to Pathwater.

41. Because Pathwater failed to make its first Contract Year 1 installment payment when due and did not cure its payment default within thirty (30) days, and was at all times

delinquent on at least one installment payment, MSG was contractually permitted beginning thirty (30) days after full execution, and all days thereafter, to withhold benefits and/or services to Pathwater, to terminate the Agreement, and to accelerate and demand all sums due thereunder, together with 15% interest on all delinquent amounts.

**III.     Pathwater Failed to Meet MSG's Quality Standards.**

42.     In Exhibit A to the Agreement, Pathwater acknowledged and agreed that the "Brand Products shall meet MSG's and/or an MSG Affiliate's reasonable quality standards related to the sale of bottled water products that are applicable to all of MSG's suppliers of similarly situated beverage products."

43.     On November 2, 2024, multiple Sphere guests notified MSG that they had found what appeared to be mold contamination in Pathwater-branded bottles purchased in different locations at Sphere.

44.     The next day, MSG pulled a random case of Pathwater bottles from Sphere to investigate the reports of contamination. All of the bottles were opened and in each of the bottles, MSG found a mold-like substance. For the safety of its guests, MSG made the immediate decision to suspend the sale of Pathwater products at Sphere while it investigated further.

45.     On November 4, 2024, MSG sent a letter to Pathwater informing it of Sphere patrons' discoveries and MSG's subsequent investigation. It reminded Pathwater of its obligation to meet MSG's reasonable quality standards related to the sale of bottled water products and notified Pathwater of its material breach of that obligation.

46.     On November 12, 2024, Pathwater notified MSG that it had sent samples for laboratory testing.

9

47. On November 20, 2024, a Pathwater Quality Manager reported that 9 out of the 11 opened bottles from the case that had been previously investigated by MSG tested positive for the presence of mold. On November 26, 2024, the same Quality Manager reported that particulate testing revealed high concentrations of Gallium and Arsenic in the two remaining opened bottles. Gallium Arsenide is a semiconductor commonly used in microwave frequency integrated circuits, infrared LEDs, laser diodes and solar cells. Arsenic is a poisonous metalloid.

IV. **MSG Terminates the Agreement.**

48. On December 30, 2024, MSG notified Pathwater by letter that it was terminating the Agreement with immediate effect pursuant to Section 5 of the Terms and Conditions, due to Pathwater's repeated and continuous material breaches of the Agreement by its failure to pay Fee installments when due and payable to MSG.

49. MSG further notified Pathwater that it was accelerating and demanding immediate payment of all sums due under the Agreement and that Pathwater would be liable for all damages suffered by MSG as a result of Pathwater's material breach of the Agreement.

**COUNT I**

**BREACH OF CONTRACT**
**(FEE PAYMENT DEFAULT)**

50. MSG realleges and incorporates by reference each of the allegations in the foregoing paragraphs.

51. The Agreement is a valid, binding and enforceable contract.

52. MSG fully performed its obligations under the Agreement.

53. Pathwater materially breached the Agreement by failing to make the first and second Contract Year 1 installment payments when due, on November 10, 2023, and December 31, 2023, respectively, and not curing its defaults within thirty (30) days of the payment due dates.

54. Pathwater materially breached the Agreement by failing to make the third and fourth Contract Year 1 installment payments when due on March 31, 2024, and June 30, 2024, respectively, or at any time thereafter.

55. Pathwater materially breached the Agreement by failing to make the first Contract Year 2 installment payment when due on September 1, 2024, or at any time thereafter.

56. From the date the Agreement was fully executed—November 10, 2023—until the date MSG terminated the Agreement, Pathwater was never not in material breach of the Agreement for failure to make Fee payments in accordance with the Payment Schedule.

57. Due to Pathwater being in material breach of the Agreement beginning on November 10, 2023 and failing to cure its breaches thereafter, MSG was not obligated to provide, and was expressly entitled to withhold, the delivery of benefits and/or services to Pathwater.

58. Due to Pathwater's material breach of the Agreement, MSG was also entitled to (i) terminate the Agreement, and (ii) accelerate and demand immediate payment of all payments due thereunder, together with interest at 15% per annum on all delinquent payments from their respective due dates, together with all reasonable and documented attorneys' fees, expenses, and other costs incurred by MSG as a result of Pathwater's failure to timely make payments under the Agreement.

59. On December 30, 2024, as a result of Pathwater's material breaches caused by its failure to make Fee installment payments when due, MSG notified Pathwater by letter that it was terminating the Agreement with immediate effect pursuant to Section 5 of the Terms and Conditions, accelerating all sums due under the Agreement and demanding interest on all delinquent payments.

60. As a direct and proximate result of Pathwater's material breaches of the Agreement, and taking into account the two $500,000 Fee payments Pathwater made, MSG has been damaged in the amount of, and is entitled to recover, $9,202,010, plus interest at 15% per annum on all delinquent payments from their respective due dates, and all reasonable and documented attorneys' fees, expenses, and other costs incurred by MSG as a result of Pathwater's failure to timely make payments under the Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, MSG respectfully requests that the Court:

A. Enter judgment in favor of MSG on Count I of the Complaint;

B. Award MSG monetary damages in an amount to be determined at trial, but not less than $9,202,010, plus interest at 15% per annum on all delinquent payments, calculated from the respective due dates of each delinquent payment;

C. Award MSG its reasonable and documented attorneys' fees, expenses and other costs incurred by MSG as a result of Pathwater's failure to timely make payments under the Agreement;

D. Award MSG pre-judgment and post-judgment interest; and

E. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, MSG hereby demands a trial by jury on all issues that are so triable.

Dated: New York, New York
December 23, 2025

By: */s/ Shawn Patrick Regan*
Shawn Patrick Regan
Joseph J. Saltarelli
Evan L. G. Weisberg
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
sregan@hunton.com
jsaltarelli@hunton.com
eweisberg@hunton.com

*Attorneys for Plaintiff MSG Las Vegas, LLC*